# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TY A. GIURINTANO                                    CIVIL ACTION

VERSUS                                              NO. 23-774-SDD-RLB

MICHAEL MCGEE

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 12, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TY A. GIURINTANO                                              CIVIL ACTION

VERSUS                                                        NO. 23-774-SDD-RLB

MICHAEL MCGEE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is briefing on the Court's order to show cause why this case should be remanded for lack of diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 8).

Also before the Court is Plaintiff's Motion to Remand, which seeks remand on the basis that this action was improperly removed by the Third-Party Defendants. (R. Doc. 9).

The Third-Party Defendants filed a single memorandum addressing the Court's show cause order and opposing Plaintiff's Motion to Remand. (R. Doc. 10). As allowed by the show cause order, Plaintiff filed a memorandum addressing the arguments raised by the Third-Party Defendants. (R. Doc. 11). Defendant did not file a memorandum addressing either the show cause order or Plaintiff's Motion to Remand.

I.     **Background**

On or about October 5, 2022, Ty A. Giurintano ("Plaintiff" or "Giurintano") initiated this action by filing a Petition in Redhibition in state court, naming as defendant Michael McGee ("Defendant" or "McGee"). (R. Doc. 1-3 at 1-5). Giurintano seeks damages with respect to alleged undisclosed defects to the plumbing system at a residential property he purchased from McGee.

On or about August 3, 2023, McGee filed a Third-Party Demand, seeking indemnification and/or contribution from the original builders and sellers of the property, D.R.

Horton, Inc. and D.R. Horton, Inc. – Gulf Coast (collectively, "Third-Party Defendants" or "Horton"). (R. Doc. 1-3 at 147-150).

On August 21, 2023, Horton removed this action under the general removal statute, 28 U.S.C. § 1441(a), asserting this Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In relevant part, the Notice of Removal asserts that Giurintano is a citizen of Louisiana, McGee is a citizen of Louisiana, and both entities that comprise Horton are citizens of Delaware and Texas. (R. Doc. 1 at 3-4; *see* R. Doc. 5). The Notice of Removal further asserts that there is "complete diversity of citizenship" to support diversity jurisdiction in light of the relationship between McGee and Horton. (R. Doc. 1 at 4).

On September 15, 2023, the Court issued an order requiring Horton to show cause why the action should not be remanded for lack of complete diversity between Giurintano and McGee. (R. Doc. 8). While the show cause order questioned whether the entities comprising Horton are "defendants" for the purposes of removal under Section 1441(a), the order acknowledged that the Court lacks authority to remand an action based on a procedural defect in the absence of a motion to remand brought under 28 U.S.C. § 1447(c). (R. Doc. 8 at 2). The show cause order goes on to observe that the Notice of Removal (1) does not cite any decisional law supporting the proposition that diversity jurisdiction can be established based solely on the diversity between a defendant (in the capacity of third-party plaintiff) and third-party defendants, and (2) does not set forth any basis for concluding that re-alignment of the parties is appropriate for the purposes of determining diversity jurisdiction. (R. Doc. 8 at 2-3).

Just hours after the foregoing show cause order was docketed, Giurintano filed a Motion to Remand, specifically arguing that removal by Horton was improper because the entities comprising Horton are not "defendants" within the meaning of Section 1441(a). (R. Doc. 9). The

Motion to Remand does not, however, address the lack of complete citizenship between Giurintano and McGee, or otherwise challenge this exercise of diversity jurisdiction. In addition to remand, Plaintiff seeks recovery of $2,950 as the measure of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to Section § 1447(c). (R. Doc. 9-1 at 4).

Horton filed a memorandum addressing both the Court's show cause order (which raised the issue of subject matter jurisdiction) and the Motion to Remand (which raised the issue of the procedural defect of removal by a non-defendant). (R. Doc. 10). While Horton's memorandum is partially titled "Memorandum in Support of Diversity Jurisdiction," it does not argue that the Court should realign the parties to establish complete diversity between the parties. Instead, the memorandum argues, for the first time, that the removal was proper under 28 U.S.C. § 1441(c) as opposed to Section 1441(a). First, Horton argues that third-party defendant removal is allowed under Section 1441(c) where the third-party demand is "separate from and independent from the main claim" under the Fifth Circuit decision *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980). (R. Doc. 10 at 2-4).[1] Second, Horton argues that the Court can exercise federal question jurisdiction under Section 1331 over this "separate and independent" claim in light of an arbitration clause referencing the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*., in the Purchase Price Addendum entered between Horton and McGee with respect to the original property purchase. (R. Doc. 10 at 4-5; *see* R. Doc. 10-1).[2] Third, Horton argues that the Supreme Court's decision *Home Depot U. S. A., Inc. v. Jackson*,

---

[1] In support of this argument, Horton quotes the 1990 version of Section 1441(c) as current law. (*See* R. Doc. 10 at 3). As discussed below, Section 1441(c) was amended in 2011 to remove the "separate and independent" language in previous versions of the statute.

[2] Horton also appears to assert that this Court can exercise diversity jurisdiction over this "separate and independent" claim. As discussed below, Section 1441(c) was amended in 1990 to require federal question jurisdiction over any alleged claims with an independent basis for subject matter jurisdiction.

139 S. Ct. 1743 (2019), which concluded that a "third-party counterclaim defendant" cannot remove an action under Section 1441(a), does not preclude the removal of an action by a third-party defendant (brought in by a third-party demand, as opposed to a counterclaim) under Section 1441(c). (R. Doc. 10 at 5-6). Finally, Horton argues that even if remand is merited, the Court should not award fees under Section 1447(c) because the removal was objectively reasonable. (R. Doc. 10 at 7).

In response, Giurintano argues that removal based on diversity jurisdiction under Section 1441(a) violates the forum defendant rule, 28 U.S.C. § 1441(b)(2), because McGee is a citizen of Louisiana and was "properly joined and served" prior to removal. (R. Doc. 11 at 4-5). With respect to Section 1441(c) removal, Giurintano argues that the *Carl Heck* decision "has been overruled, abrogated by statute, and is no longer good law" given that it was decided prior to the 2011 amendments to Section 1441(c), which removed the "separate and independent" language from the statute. (R. Doc. 11 at 1-4). Giurintano then argues that the FAA does not provide federal question jurisdiction for the purposes of removal under Section 1441(c). (R. Doc. 11 at 5-6). Giurintano also argues that the *Home Depot* decision supports a finding that third-party defendants such as Horton may not remove under any provision in Section 1441. (R. Doc. 11 at 6-7). Finally, Giurintano argues that the removal was not "objectively reasonable" for the purposes of Section 1447(c). (R. Doc. 11 at 7).

## II.    Law and Analysis

### A.    General Legal Standards

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute,

28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

While district courts may remand an action *sua sponte* based on lack of subject matter jurisdiction, they may only remand an action based on procedural defects upon motion of a party. *In re Allstate*, 8 F.3d 219, 223-24 (5th Cir. 1993). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). There is no dispute that the procedural defects raised by Giurintano are timely.

Horton has appeared to abandon its arguments in favor of removal under Section 1441(a) and diversity jurisdiction under Section 1332, as set forth in the Notice of Removal, in favor of the argument that removal is proper under Section 1441(c) and federal question jurisdiction under Section 1331, as set forth in Horton's memorandum. This abrupt change in Horton's arguments with respect to removal procedure and subject matter jurisdiction has led to confusing

and overlapping arguments in the parties' briefing. In an attempt to bring clarity to the disputes raised by the parties' briefing, the Court will address removal under Section 1441(a) and Section 1441(c) separately.

### B.    Removal Under 28 U.S.C. § 1441(a)

In the Notice of Removal, Horton asserts that the removal is premised upon Section 1441(a), and that this Court can properly exercise diversity jurisdiction under Section 1332. (R. Doc. 1). In seeking remand, Giurintano raised two procedural defects in removal pursuant to Section 1447(c): (1) improper removal by a non-defendant under Section 1441(a), and (2) violation of the forum defendant rule under Section 1441(b). In addition, this Court's show cause order required Horton to demonstrate how the Court can properly exercise diversity jurisdiction given that Giurintano, the original plaintiff, and McGee, the original defendant, are both citizens of the State of Louisiana.

Having considered the arguments of the parties, the Court concludes that remand is required to the extent Horton removed under Section 1441(a) based upon an exercise of diversity jurisdiction under Section 1332.

### 1.    Removal by third-party defendants under Section 1441(a)

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the <u>defendant</u> or the <u>defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).

Giurintano argues that the instant removal was improper because the entities comprising Horton are not "defendants" for the purposes of Section 1441(a). A removal by a non-party or

party other than a "defendant" is a procedural defect in removal under Section 1447(c). *See Weekes v. Allstate Fire & Cas. Ins. Co.*, No. 23-266, 2023 WL 5517222, at *6 (N.D. Tex. Aug. 25, 2023) ("The defect involved in removal by a non-party (or a party other than a defendant) is based on Section 1441(a)'s requirements and therefore . . . only implicates removal jurisdiction.").

The Supreme Court has held that a "third-party counterclaim defendant," which is a party brought into a lawsuit through a counterclaim filed by the original defendant, may not remove under Section 1441(a) because it is not a "defendant" to the civil action as a whole. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019). That decision specifically extended the holding in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U. S. 100 (1941), which held that a counterclaim defendant who was also original plaintiff could not remove under Section 1441(a)'s predecessor statute. *Home Depot*, 139 S. Ct. at 1749.

Horton argues that the holding of *Home Depot* is limited to "third-party counterclaim defendants" as opposed to third-party defendants brought into the lawsuit through an independent third-party demand. (R. Doc. 10 at 5-6). Horton argues that because they were brought into this action by third-party demand (as opposed being added as new parties to a counterclaim against the original plaintiff), the *Home Depot* decision does not prohibit their removal. In contrast, Giurintano asserts that the *Home Depot* decision, as well as lower court decisions issued prior to *Home Depot*, stand for the broader proposition that all third-party defendants may not remove under Section 1441(a) because they are not "defendants" within the meaning of the statute. (R. Doc. 9-1 at 3). The Court agrees with Giurintano.

Even prior to the *Home Depot* decision, district courts within the Fifth Circuit have sided with the majority view that third-party defendants are not "defendants" within the meaning of

Section 1441(a). *See, e.g.*, *Williams v. Mor-Tem Risk Mgmt. Servs. Inc.*, No. 11-1408, 2012 WL 1014752, at *2 (W.D. La. Mar. 22, 2012); *F.L. Crane & Sons, Inc. v. IKBI, Inc.*, 630 F. Supp. 2d 718, 720 (S.D. Miss. 2009); *Huntsman Corp. v. Int'l Risk Ins. Co.,* Civil Action No. 08–1542, 2008 WL 4453170, at *3-4 (S.D. Tex., Sept. 26, 2008). The only recognized exceptions to the general rule against third-party defendant removal under Section 1441(a), which are inapplicable here, are "when all of the claims between the original plaintiff and the original defendants have been severed or settled and actually dismissed at the time of removal." *Sun Indus., LLC v. Phoenix Ins. Co.*, No. 16-172, 2016 WL 6275188, at *9 (M.D. La. Sept. 15, 2016) (citing *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970); *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, No. 02-1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002); *Eckert v. Administrators of the Tulane Educ. Fund*, No. 15-5546, 2016 WL 158919 (E.D. La. Jan. 14, 2016), *report and recommendation adopted*, 2016 WL 6398917 (M.D. La. Oct. 25, 2016)).

In the wake of *Home Depot*, the Eleventh Circuit noted that there is no relevant distinction between "third-party counterclaim defendants" and other types of "third-party defendants" for the purposes of determining whether such parties may remove under Section 1441(a), given that all third-party defendants are not the "original" defendants in the civil action. *See Championship Prop. LLC v. Coan*, No. 20-13728, 2022 WL 4455208, at *5-6 and n.4 (11th Cir. Sept. 26, 2022); *see also Russell J Stutes Constr. Co. LLC v. Guidry*, No. 21-02348, 2021 WL 3725697, at *3 (W.D. La. Aug. 20, 2021) (concluding that removal was procedurally defective under Section 1441(a) because the third-party defendant, brought in through a third-party demand, was "not a defendant" for the purposes of the removal statute") (citing *Home Depot*, 139 S.Ct. at 1748).

The Court adopts the foregoing analysis and reading of *Home Depot*. That decision is consistent with earlier jurisprudence in this Circuit holding that, as a general rule, third-party defendant removal is not allowed under Section 1441(a). Given the foregoing, the Court concludes that the instant removal was procedural defective under Section 1441(a) because the entities comprising Horton are not "defendants" for the purposes of the removal statute.

### 2.    The Forum Defendant Rule under Section 1441(b)

Horton's removal under Section 1441(a), which is premised solely on an exercise of diversity jurisdiction under Section 1332, also violates the forum defendant rule, Section 1441(b)(2). The forum defendant rule is as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). There is no dispute that at the time of removal McGee "was properly joined and served" as a defendant, and that McGee "is a citizen of the State in which" the action was brought, namely the State of Louisiana. The Fifth Circuit has held that violation of the forum defendant rule is a procedural defect under Section 1447(c). *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378 (5th Cir. 2009).

Accordingly, even if the Court were to allow Horton to remove as a third-party defendant under Section 1441(a), the action would nevertheless be subject to remand for violation of Section 1441(b)(2).

### 3.    Diversity jurisdiction under Section 1332

In the Notice of Removal, Horton asserts that removal under Section 1441(a) is proper because the Court can exercise diversity judication under Section 1332. Horton specifically asserts that this Court "has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)

because there is complete diversity of citizenship between Third-Party Defendants [Horton] and Third-Party Plaintiff [McGee]." (R. Doc. 1 at 2). The Court disagrees.

As stated above, the general removal statute only permits removal of "any civil action brought in a State court of which the district courts of the United States have <u>original</u> jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). The Supreme Court has long held that a "district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot*, 139 S. Ct. at 1748. "This requires a district court to evaluate whether the <u>plaintiff</u> could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* (citations omitted) (emphasis added).

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[3] "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996) (citation omitted).

Here, Horton appears to have abandoned its position that the Court can exercise diversity jurisdiction in this action. Even if third-party removal was allowed under Section 1441(a), and the forum defendant rule did not preclude removal under Section 1441(b)(2), the removal is subject to remand for lack of <u>original</u> subject matter jurisdiction. As pointed out in the show cause order, there is not complete diversity between Giurintano, the original plaintiff, and

---

[3] There does not appear to be any specific dispute that the amount in controversy requirement is satisfied.

McGee, the original defendant. Whether there is complete diversity between McGee and Horton is not relevant for a determination of whether the Court could have exercised original diversity jurisdiction over Giurintano's claims. Furthermore, Horton has not set forth any arguments in support of a finding that the parties should be realigned for the purposes of finding complete diversity.

Based on the foregoing, the Court concludes that it lacks diversity jurisdiction over this action under Section 1332(a) because there is not complete diversity of citizenship between the original parties. In addition to the procedural defects discussed above, removal under Section 1441(a) must be remanded for lack of original subject matter jurisdiction.

### B.    Removal Under 28 U.S.C. § 1441(c)

The Court will turn to the issue, first raised in Horton's briefing, that the instant removal was proper under Section 1441(c). Having considered the arguments of the parties, the Court concludes that remand is required to the extent Horton removed under Section 1441(c) based upon an exercise of federal question jurisdiction over the third-party demand under Section 1331.

### 1.    Removal by third-party defendants under Section 1441(c)

The Court will first address whether removal under Section 1441(c) by a third-party defendant constitutes a procedural defect in removal. Horton argues that third-party defendant removal is proper under Section 1441(c), and this case in particular, in light of the Fifth Circuit decision *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980). The Court disagrees.

In *Carl Heck*, the Fifth Circuit concluded that the removal of an action by a third-party defendant was proper, under an earlier version Section 1441(c), because the third-party demand raised indemnity claims that were "not unrelated to the main claim, but sufficiently independent

of it that a judgment in an action between those two parties alone can be properly rendered." *Id*.

at 136. The Court concluded that because it would have been proper to exercise diversity

jurisdiction over the third-party demand if brought as an independent action, it was proper for the

district court to allow removal by the third-party defendant under Section 1441(c), and

subsequently sever and remand the non-removable original claim to the state court "so that

removal does not defeat plaintiff's choice of forum." *Id.*

The version of Section 1441(c) relied upon in *Carl Heck* read as follows:

> (c) Whenever a <u>separate and independent</u> claim or cause of action, <u>which would be removable if sued upon alone</u>, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1976) (emphasis added); *see Carl Heck*, 622 F.2d at 134. This version of

the statute, consistent with *Carl Heck*, allowed removal of an entire case where an exercise of

diversity jurisdiction over a "separate and independent" claim or cause of action was proper.

In 1990, Section 1441(c) was amended to require the "separate and independent" claim or

cause of action to fall within federal question jurisdiction under Section 1331:

> (c) Whenever a <u>separate and independent</u> claim or cause of action <u>within the jurisdiction conferred by section 1331 of this title</u> is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (1990) (emphasis added); *see* Judicial Improvements Act of 1990, PL 101–

650, December 1, 1990, 104 Stat 5089. While this version of the statute retained the "separate

and independent" language relied upon in *Carl Heck*, it did away with diversity jurisdiction as

the basis for removal.

In 2011, Section 1441(c) was again amended, this time removing the "separate and independent" language relied upon in the *Carl Heck* decision. The statute currently reads as follows:

> **(c) Joinder of Federal law claims and State law claims**.
>
> (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.

28 U.S.C. § 1441(c) (2011); *see* Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat 758. The current version of Section 1441(c) allows removal of an entire civil action where the Court can exercise federal question jurisdiction over a particular claim, but cannot exercise jurisdiction over the remaining claims or those other claims are made nonremovable by statute.

Several decisions within the Fifth Circuit have observed that the 2011 amendments, which removed the "separate and independent" language from Section 1441(c), arguably limits the holding of *Carl Heck* to the extent it allowed removal by third-party defendants under Section 1441(c). *See St. Luke #2, LLC v. Hermes Health All., LLC*, 644 F. Supp. 3d 289, 297 (E.D. La. 2022) ("The erosion of *Carl Heck*'s precedential authority arguably began when Section 1441(c) was amended in 2011 to remove the language on which the court relied in reaching its conclusion that third-party defendants could remove a case under that statute."); *Air*

*Liquide Mexico S. de R.L. de C.V. v. Hansa Meyer Glob. Transp. USA, LLC*, No. 15-0557, 2015 WL 4716033, at *2 (S.D. Tex. Aug. 7, 2015) ("Because the 2011 amendment deleted the 'separate and independent claim' language from § 1441(c), it is doubtful whether the exception recognized in *Heck* survives."); *but see Genusa v. Asbestos Corp.*, 18 F. Supp. 3d 773, 788 (M.D. La. 2014) ("Without further guidance from the Fifth Circuit regarding the impact of the 2011 amendments on the removal of third-party claims under § 1441(c), and in the absence of any challenge to the removal of this action under § 1441(c) as opposed to § 1441(a), the court follows the reasoning in *Heck*.").[4]

Even if *Carl Heck* survived the 2011 amendments, courts have recognized that the *Home Depot* decision abrogates *Carl Heck* to the extent it allowed third-party defendant removals under Section 1441(c). *See Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1036 (11th Cir. 2020) ("Though *Home Depot* deals with § 1441(a) and not § 1441(c), its analysis necessarily demands the same conclusion with respect to § 1441(c)."); *St. Luke #2*, 644 F. Supp. 3d at 297 ("[W]hether or not *Carl Heck* survived the 2011 amendment to 1441(c), the Supreme Court's *Home Depot* decision vitiated *Carl Heck's* precedential authority."); *Williamson v. Cestaro*, No. 21-2465, 2021 WL 2075727, at *3 (E.D.N.Y. May 24, 2021) ( "[T]he Supreme Court's reasoning in *Home Depot* supports the conclusion that third-party counterclaim defendants cannot remove actions under Section 1441(c)."); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3730 n.4 (4th ed. 2022) ("*Home Depot*, in holding that third-party counterclaim defendants cannot remove under Section 1441(a), abrogated Fifth Circuit precedent allowing

---

[4] The *Genusa* decision was issued prior to the Supreme Court's *Home Depot* decision. As discussed below, the Court concludes that *Home Depot* now generally precludes third-party defendant removal under both Section 1441(a) or Section 1441(c).

removal of claims against third-party counterclaim defendants under Section 1441(c).”); *but see Specialists Hosp.-Shreveport, LLC v. Harper*, No. 21-01748, 2021 WL 4234950, at *2 (W.D. La. Aug. 27, 2021) (“Because removal in *Heck* was effected pursuant to § 1441(c), the Fifth Circuit decision arguably withstands the contrary result in *Home Depot*, which focused upon § 1441(a).”), *report and recommendation adopted*, 2021 WL 4237130 (W.D. La. Sept. 16, 2021).

Having considered the pertinent decisional law and statutory language, the Court agrees with the Eleventh Circuit that “*Carl Heck* is no longer good law because it is impossible to read the statute as a whole and conclude that the same term in (a) and (c) has different meanings.” *See Bowling*, 963 F.3d at 1036. In reaching this same conclusion, Judge Vance of the Eastern District of Louisiana wrote the following:

> In analyzing whether the Supreme Court abrogated *Carl Heck*, the *Bowling* court held that, in light of *Home Depot*, “it is impossible to read [Section 1441] as a whole and conclude that [the term ‘defendant’] in (a) and (c) has different meanings.” *Id.* The *Bowling* court held that this is so because of the well-established principle that “identical words and phrases within the same statute should normally be given the same meaning.” *Id.* (quoting *SEC v. Levin*, 849 F.3d 995, 1003 (11th Cir. 2017)); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007) (“A standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning.”). Accordingly, because Section 1441(a) and 1441(c) both frame removal in terms of “defendants” in “civil actions,” this Court agrees with the Eleventh Circuit’s conclusion that there is no basis to interpret Section 1441(c) as allowing third-party defendants to remove a civil action when 1441(a) clearly does not. *See id.* at 1039 (holding that, just as a counterclaim is irrelevant to whether the district court had “original jurisdiction” over the civil action under § 1441(a), “it is not germane to whether the district court had federal-question jurisdiction over the ‘civil action’ under § 1441(c).” (quoting *Home Depot*, 139 S. Ct. at 1748)). Moreover, *Bowling* also held that the structure of Section 1441 as a whole compels the interpretation that third-party defendants may not remove a case under Section 1441(c). *Id.* at 1038-39. The *Bowling* court explained that “the most natural reading of [Section 1441] is that removal is generally authorized under (a), with (c) providing additional criteria for a certain subset of civil actions.” *Id.*
>
> The Court agrees with this characterization of Section 1441 as a whole. Section 1441(a), on its face, deals with removal “generally.” The sub-sections that follow,

including (b) and (c), then address removal in specific contexts such as diversity of citizenship or joinder of federal claims to state-law claims. . . . Further bolstering this reading is the rule that Section 1441 must be "strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, the Court finds that "the text of § 1441 as a whole compels the conclusion that "defendants" means the same in (c) as in (a)." *Id*. Because there is no statutory basis for removal jurisdiction, the Court grants the motions to remand this case to state court.

*St. Luke #2, LLC*, 644 F. Supp. 3d at 297-98. This Court adopts the foregoing analysis of Section 1441 in its entirety.

Having already concluded that the *Home Depot* decision applies to removal by third-party defendants under Section 1441(a), regardless of whether those third-party defendants were brought into the lawsuit by counterclaims or independent third-party demands, the Court further concludes that the *Home Depot* decision generally precludes third-party defendant removals under Section 1441(c).

Given the foregoing, Horton's removal under Section 1441(c) was procedural defective because the entities comprising Horton are not "defendants" for the purposes of the removal statute.

### 2.    Federal question jurisdiction under Section 1331

Even if third-party defendant removal under Section 1441(c) is still available for the purposes of the instant removal, this action is still subject to remand because the third-party demand at issue does not raise "a claim arising under the Constitution, laws, or treatises of the United States" within the meaning of Section 1331. *See* 42 U.S.C. § 1441(c)(1)(A). Given the 1990 amendments to Section 1441(c), any third-party demand seeking indemnity "would still have to invoke federal question jurisdiction to be removable." *Air Liquide Mexico*, 2015 WL 4716033, at *2 n.12 (S.D. Tex. Aug. 7, 2015) (citing *Kinder Morgan Louisiana Pipeline LLC v. Welspun Gujarat Stahl Rohren Ltd.*, 752 F. Supp. 2d 772, 782 (S.D. Tex. 2010)). Horton has not

established that the Court could independently exercise federal question jurisdiction over McGee's third-party demand.

Generally, whether a civil action is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

As discussed above, the Notice of Removal does not assert that McGee's third-party demand falls within federal question jurisdiction. For the first time, Horton asserts in its briefing that the Court can exercise federal question jurisdiction over this third-party demand because of the arbitration provision found in the Purchase Price Addendum entered between Horton and McGee is governed by the FAA. (R. Doc. 10 at 2-5). That arbitration provision provides that "[i]f a Dispute is not resolved by mediation, it will be submitted to binding arbitration under both Louisiana law and the Federal Arbitration Act." (*See* R. Doc. 10-1 at 12).

Generally, a claim arising under the FAA requires an independent basis for subject matter jurisdiction to be adjudicated in federal court. *See Aker Kvaerner/IHI v. Nat'l Union Fire Ins. Co. of Louisiana*, No. 10-0278, 2010 WL 5071082, at *2 (W.D. La. Dec. 6, 2010) ("As applied to most claims arising under the [FAA], claims in district court require an independent basis for federal subject matter jurisdiction.") (citations omitted). While Horton acknowledges that this, Horton nevertheless asserts, with little explanation, that there is federal question jurisdiction over the third-party demand in light of the decision *Ballard v. Illinois Central Railroad Co.*, 338 F. Supp. 2d 712 (S.D. Miss. 2004). (R. Doc. 10 at 4-5). The Court disagrees.

17

In *Ballard*, the plaintiff brought a personal injury action against a non-diverse defendant and its employer, which in turn initiated a third-party demand seeking relief under an indemnity agreement. *Ballard*, 338 F. Supp. at 714. The third-party defendants removed the action pursuant to 9 U.S.C. § 205, the removal provision for the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"),[5] asserting that provisions in the indemnity agreement required arbitration of the dispute under the Convention. *Id*. at 715. While the court acknowledged that "the FAA requires an independent basis for federal subject matter jurisdiction," it further stated that "the removal provision of the Convention provides that actions that fall under the Convention are removable to federal district court." *Id*. After concluding that the arbitration provision was governed by the Convention, the court compelled arbitration and remanded the remaining the "separate and independent" claims under Section 1441(c). *Id*. at 716.

Horton's reliance on *Ballard* is misplaced given that that decision concerned a removal under Section 205, not a removal under Section 1441(c). Courts have held that the same reasoning precluding removal by third-party defendants under Section 1441(a) precludes removal by third-party defendants under Section 205. *See St. Luke #2*, 644 F. Supp.3d at 292-296. Regardless, Horton did not remove under Section 205.

---

[5] The Convention's removal statute provides the following:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205.

That said, at least one district court has extended the rational in *Ballard* to support removal by a third-party defendant under Section 1441(c), "with the Convention providing federal-question jurisdiction over the separate and independent claims (rather than providing the removal procedure)." *See Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 08-1542, 2008 WL 4453170, at *17 n.13 (S.D. Tex. Sept. 26, 2008). In so holding, the court stated that "[i]f the third-party claims 'fall under' the Convention, as described in [9 U.S.C. § 203],[6] those claims will provide federal-question jurisdiction over separate and independent claims, allowing removal under section 1441(c)." *Id* at *17.

The foregoing theory of removal discussed in *Huntsman* is unavailable in this action for the simple reason that Horton has not established that McGee's third-party demand "falls under" the Convention. Foremost, Horton has not established that the Convention applies at all to the arbitration provision in the Purchase Price Addendum because that agreement is between McGee (a citizen of Louisiana) and Horton (citizens of Delaware and Texas). Horton has not established that there is a party to the arbitration provision that is not an American citizen. *See Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909-10 (5th Cir. 2019) ("For an arbitration agreement to be covered by the Convention, four requirements must be met: (1) there must be an agreement in writing to arbitrate the dispute; (2) the agreement must provide for arbitration in the territory of a Convention signatory; (3) the agreement to arbitrate must arise out of a commercial legal relationship; and (4) <u>at least one party to the agreement must not be an American citizen</u>.") (emphasis added). Accordingly, the Convention cannot supply federal question jurisdiction for the purposes of removal under Section 1441(c).

---

[6] "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

Moreover, McGee is not asserting a claim for enforcement of a foreign arbitration agreement or arbitration award under the Convention. McGee is simply making an indemnity demand based on redhibition under state law. It is Horton that is invoking the arbitration provision of the Purchase Price Addendum. "In *Huntsman* the court premised the third-party defendant's right to remove on the third-party plaintiff's claim for enforcement of the foreign arbitration clause, not . . . on an argument that the third-party plaintiff's state law claims arise under federal law merely because the contract the third-party plaintiff seeks to enforce contains a foreign arbitration clause." *Kinder Morgan*, 752 F. Supp. 2d at 784-85. The latter situation does not support a finding of federal question jurisdiction under Section 1331 for the purposes of removal under Section 1441(c). *Id*. at 785. Horton's removal, which falls under the latter situation, is subject to remand for this reason.

In sum, Horton has not established that McGee's third-party indemnity claim arises under federal law for the purposes of Section 1331. For the foregoing reasons, removal under Section 1441(c), and subsequent severance and remand of the original claims to state court, is unavailable.

### C.    Fees Under 28 U.S.C. § 1447(c)

The final issue for the Court to resolve is whether to award Giurintano costs and actual expenses under Section 1447(c).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under Section 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the

removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993).

The procedural defect initially raised in Plaintiff's Motion to Remand—improper removal by a third-party defendant under Section 1441(a)—does not merit an award of costs and actual expenses under Section 1447(c). As discussed above, the Fifth Circuit has not addressed whether and to what extent, after the *Home Depot* decision, third-party defendant removal is allowed under Section 1441(a). Similarly, the Fifth Circuit has not addressed whether and to what extent, after the *Home Depot* decision and the 2011 amendments, third-party defendant removal is allowed under Section 1441(c). While the Court has concluded that Horton's removal as a third-party defendant is procedurally defective under both statutes, the Court cannot conclude that Horton lacked objective reasonability in removing this action as a third-party defendant under Section 1441.

While removal was arguably not objectively reasonable based on the remaining arguments set forth by Horton, including its assertions that this Court can exercise subject matter jurisdiction over this action (or the third-party demand), the Court will exercise its discretion not to award costs or expenses under Section 1447(c).

## III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Plaintiff's Motion to Remand (R. Doc. 9) be **GRANTED**, and this action be **REMANDED** to the 21st Judicial District Court, Parish of Livingston, Louisiana.

21

**IT IS FURTHER RECOMMENED** that the parties be ordered to bear their own costs with respect to this removal.

Signed in Baton Rouge, Louisiana, on December 12, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**